# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DIANA PIERRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-668-M |
| | ) | |
| CC SERVICES, INCORPORATED, | ) | |
| "COUNTRY FINANCIAL", | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss [docket no. 14], filed December 3, 2009. Plaintiff has filed no response.

Plaintiff's Complaint states:

> From approximately June 2008 to the present date, and continuing, I have been repeatedly subjected to unequal terms and conditions of employment by Mr. David Hatsfield, Associate Manager, and Mr. Mark Morley, Agency manager (both white) they deliberately mismanaged and manipulated the accounts of some of my clients to benefit my co-workers. I complained about the unequal terms and conditions of employment, but the respondent made no good faith effort to correct the conditions of employment.
>
> From approximately June 2008 until my termination date, I have been repeatedly subjected to objectionable and offensive treatment by Mr. Stone & Mr. Langheur. Comments made in an email were hostile and offensive which caused a hostile work environment. Offensive looks caused for a hostile work environment. I complained about this harassment, but the respondent made no good faith effort to correct any of these conditions of employment, as well.

Complaint [docket no. 1].

Defendant has filed a motion to dismiss based on plaintiff's failure to comply with the requirements of Federal Rule of Civil Procedure 8(a) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Rule 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, in order to survive a motion to dismiss for failure to state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk L.L.C v. Schneider* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. At 1974).

Having reviewed plaintiff's Complaint, the court finds that plaintiff has clearly failed to comply with the requirements of Rule 8(a) and has clearly failed to state a claim upon which relief may be granted. Accordingly, the GRANTS defendant's Motion to Dismiss [docket no. 14] and DISMISSES this action.

**IT IS SO ORDERED this 7th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE